# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**JAMES EDWARD BOMAN**  **PLAINTIFF**
**ADC #651206**

### CASE NO. 5:17-CV-146-BSM-BD

**CONNIE HUBBARD, et al.**  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Any party may file written objections to this Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for your objection. Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**  **Discussion**

A.  Background

James Edward Boman, an Arkansas Department of Correction ("ADC") inmate, claims that Defendants Hubbard, Chisom, and Golden acted with deliberate indifference

to his medical needs.[1] (Docket entry #2) These Defendants have now moved for summary judgment on Mr. Boman's claims, arguing that he failed to fully exhaust his administrative remedies before filing this lawsuit. (#25, #35) Mr. Boman responded to the motion for summary judgment filed by Defendants Hubbard and Chisom. (#33) He has not responded to Defendant Golden's motion for summary judgment, and the time for doing so has passed. (#38)

   B. Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the

---

[1] The Court previously dismissed Mr. Boman's claims against Defendants Hurst, Jordan, and Kelley. (#30)

exhaustion requirement are few. For example, an inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Because Mr. Boman was in the ADC at the time the conduct at issue occurred, he was obligated to fully exhaust the ADC's grievance procedures. *Id.*

Defendants Hubbard and Chisom attach the declaration of Shelly Byers, the ADC medical grievance supervisor, to their motion. (#26-3) Ms. Byers testifies that Mr. Boman filed only four grievances during the time period relevant to this lawsuit: DR-17-269; DR-17-285; DR-17-334; and DR-17-346. (*Id.* at p.1) Ms. Byers further testifies that Mr. Boman did not complete the ADC inmate grievance process with respect to any of those grievances.

Defendant Golden attaches the declaration of Barbara Williams, the ADC inmate grievance coordinator, to his motion. (#36-2) Ms. Williams testifies that Mr. Boman failed to fully exhaust the only grievance in which he referenced Defendant Golden, DR-17-285, prior to filing this lawsuit. (#36-2 at p.3)

On March 31, 2017, Mr. Boman submitted grievance DR-17-269. (#26-2 at p.3) That grievance was rejected as untimely. (*Id.* at p.2) Mr. Boman did not appeal that decision.

3

On April 15, 2017, Mr. Boman submitted grievance DR-17-285. (*Id*. at p.8) He appealed that grievance to the deputy director. The appeal was rejected, however, because Mr. Boman did not attach all required documents. (*Id*. at p.5) Although Mr. Boman argues that he did include the necessary papers with his grievance appeal, his appeal was not received by the deputy director until May 25, 2017. (*Id*.) Mr. Bowman filed this lawsuit on May 19, 2017. Therefore, he could not have fully exhaust grievance DR-17-285 before filing this lawsuit.

On May 11, 2017, Mr. Boman submitted grievance DR-17-334. (*Id*. at p.13) On June 19, 2017, he received a response to that grievance from health services. (*Id*. at p.9) Mr. Boman did not appeal that decision to the deputy director, but in any event, he could not have fully exhausted grievance Dr-17-334 before filing this lawsuit.

Finally, on May 15, 2017, Mr. Boman submitted grievance DR-17-346. (*Id*. at p.17) On June 19, 2017, Mr. Boman received a response from health services. Again, Mr. Boman did not appeal that decision to the deputy director, but regardless, he could not have fully exhausted grievance Dr-17-334 before filing this lawsuit.

Mr. Boman has not come forward with any evidence to show that he fully exhausted his claims against Defendants Hubbard, Chisom, or Golden before filing this lawsuit. Without such evidence, there is no genuine issue about exhaustion of administrative remedies as to claims against these Defendants; and they are entitled to judgment as a matter of law.

### III.     Conclusion

The Court recommends that the Defendants' motions for summary judgment (#25, #35) be GRANTED. Mr. Boman's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 7th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE